UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNARD BIJOUX,

Petitioner,

v. Case No. 3:26-cv-2369-MMH-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTION, et al.,

Respondents.

---

**ORDER**

Petitioner Bernard Bijoux, an immigration detainee, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1; Petition) on September 10, 2026.[1] See generally Petition. Bijoux, a citizen of Haiti, was temporarily detained by United States Immigration and Customs Enforcement (ICE) on November 29, 2005, while trying to illegally enter the country. Record of Deportable/Inadmissible Alien (Doc. 3-1; Record) at 1–3. ICE seemingly approved Bijoux's entry because he had a pending asylum case. See id. at 2. An immigration judge ordered him removed on August 13, 2009. Id. On May 25, 2010, Bijoux was granted temporary protected status. Id. at 3. A few years

[1] Petitioner has since retained counsel. See generally Notice of Appearance and Designation of Lead Counsel (Doc. 8).

later, it appears that Bijoux departed the country for "urgent humanitarian reasons." See I-512L, Authorization for Parole of an Alien Into the United States (Doc. 3-4; Authorization) at 1. Upon his return, United States Citizenship and Immigration Services (USCIS) allowed Bijoux to be paroled into the country as long as he continued to maintain temporary protected status. See id. Bijoux renewed his temporary protected status multiple times until USCIS terminated it on July 29, 2024. Record at 4. On August 23, 2026, ICE re-detained Bijoux. Id. at 2. As relief, he seeks, inter alia, release from custody or, alternatively, a bond hearing. Petition at 15.

The Federal Respondents understand Bijoux to argue that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See generally Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 3). The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Bijoux, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Bijoux was not seeking entry at the border when he was re-detained; therefore, he is not

subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Bijoux's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Bijoux an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[3] If Respondents release Bijoux, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[2] Because the Court finds that Bijoux is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Bijoux is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record